<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD JEAN-BAPTISTE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | No. 24cv8583 (EP) (MAH)<br><br>**OPINION** |

**PADIN**, **District Judge.**

*Pro se* Plaintiff Harold Jean-Baptiste alleges that various agents of the federal government have—and continue to—conspire to kidnap and injure him.  D.E. 1 ("Complaint" or "Compl."). Plaintiff brings this action against the United States Department of Justice ("DOJ"); former United States Attorney General, Merrick Garland; the Federal Bureau of Investigations ("FBI"); former FBI Director, Christopher Wray; and the Civil Process Clerk for the U.S. Attorney's Office for the District of New Jersey (collectively, "Defendants").

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Fed. Rs. Civ. P. 12(b)(1) and (6).  D.E. 12-1 ("Def. Mot.").  The Court decides the motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons explained below, the Court will **GRANT** the Motion to dismiss and **DISMISS** the Complaint *with prejudice*.

I.   **BACKGROUND**[1]

   A.   **This Action**[2]

The allegations in the Complaint appear to center on an incident that allegedly occurred on July 6, 2024, in South Orange, New Jersey, when Plaintiff and his mother were visiting his uncle. Compl. at 4. When Plaintiff and his mother arrived at the uncle's home, the uncle suggested they drive in the uncle's car to Newark Liberty International Airport to pick up Max Saurel Amazan ("Max"). *Id.* However, the uncle instead drove to a home in Irvington, New Jersey, where Max was waiting. *Id.* The uncle parked the car in the driveway of the Irvington home, exited the vehicle, and then returned to the car less than 30 seconds later. *Id.* Max asked the uncle, "are you coming?" to which the uncle responded, "not right now." *Id.*

On August 16, 2024, Plaintiff called his cousin, Yadline Amazan ("Yadline"), to request that Yadline ask Max for the address of the home Plaintiff, his mother, and his uncle visited in Irvington on July 6. *Id.* Max apparently told Yadline that he did not know the address. *Id.* Based on that information (or lack thereof), the uncle and Max's "uncomfortable" body language on July 6, and Plaintiff's "history with the FBI," Plaintiff alleges that the FBI paid his uncle and Max to bring him to the Irvington home on July 6 so that the FBI could kidnap and physically harm him. *Id.* at 5.

According to Plaintiff, an unnamed FBI special agent had come up "with a similar m[alevo]lent strategy before to offer financial incentive to [Plaintiff]'s friend Troy Winslow … to drive Plaintiff to a location to setup to hurt his life." *Id.*  Plaintiff suggests that the FBI has

---

[1] Unless otherwise noted, the Court uses the page ID number listed at the top of each document generated by CM/ECF.
[2] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

orchestrated these repeated kidnapping attempts in retaliation for him previously filing lawsuits against the government and a complaint with the DOJ's Inspector General. *Id.*

Plaintiff alleges that the FBI has "unfairly persecuted [him] based on his race, color, national origin, or malicious intentions." *Id.* at 7. Further, he alleges that the FBI and DOJ have issued "National Security Letters" against him to "slander, harass, discriminate, and destroy[]" his character, and the FBI has monitored his cell phone habits and tracked his location without probable cause. *Id* at 8.

Based on these allegations, Plaintiff asserts several causes of action: violations of the Fourth Amendment; violations of 18 U.S.C. § 242, 42 U.S.C. §§ 1981, 1983, 1985(3), 1986; and negligence. *Id.* at 9. Plaintiff seeks monetary damages to the tune of $2,500,000, along with equitable and declaratory relief against Defendants. *Id.* at 9-10.

**B.    Procedural History**

Plaintiff has filed a fury of motions in this case. After filing the Complaint, Plaintiff next moved for a preliminary injunction against Defendants. D.E. 9 ("Motion for Preliminary Injunction"). Defendants responded to this Motion for Preliminary Injunction, arguing the Court should deny it. *See* D.E. 11. Defendants then moved to dismiss the Complaint. Def. Mot. Plaintiff opposed, D.E. 13 ("Opposition" or "Opp'n"), and then Defendants replied, D.E. 14 ("Reply").

While Defendants' Motion was pending, Plaintiff moved for various forms of relief, including: (1) a motion for sanctions, summary judgment, and waiver of sovereign immunity, D.E. 21; (2) a motion to amend the Complaint, D.E. 22; (3) a motion to "stop and set aside all national security letters", D.E. 23; and (4) a corrected motion to amend the Complaint, D.E. 27. The Hon. Michael A. Hammer, U.S.M.J., held Plaintiff's motions to amend the complaint in abeyance pending resolution of Defendants' Motion, terminated his motions related to discovery pending

resolution of Defendants' Motion, and denied Plaintiff's motion for sanctions/summary judgment as an impermissible sur-reply. D.E. 31. Undeterred, Plaintiff twice more sought to amend his complaint, D.Es. 36-37, and filed two more motions to "stop and set aside all national security letters" and to "vacate FBI Order to impeded hard to the plaintiff," D.Es. 40-41 (respectively). Again, Judge Hammer explained that any motions to amend Plaintiff's Complaint or for discovery would be held in abeyance pending resolution of Defendants' Motion. *See* D.E. 38. Nevertheless, Plaintiff once more sought to amend his Complaint. D.E. 43.

### C.   Prior Litigation

Plaintiff has flooded district courts across the country with lawsuits containing nearly identical allegations to those contained here. In almost two dozen cases in four district courts over the last five years, Plaintiff's complaints have been routinely dismissed, with multiple courts issuing pre-filing injunctions against him after determining Plaintiff was a vexatious litigant. *See, e.g.*, *Jean-Baptiste v. U.S. Dep't of Just. et. al.*, No. 23-22531, 2023 WL 9013864, at *5 (S.D. Fla. Nov. 30, 2023) (identifying 18 separate federal cases in which Plaintiff has asserted claims alleging that the government has monitored, surveilled, and conspired to murder him).[3]

---

[3] At the time the Southern District of Florida opinion was written, only nine of these 18 cases cited had been dismissed for failure to state a claim or as frivolous. Since then, an additional six of those 18 have been dismissed on the same grounds: *Jean-Baptiste v. U.S. Dep't of Just. et al.*, No. 23-cv-432, 2024 WL 1253858 (D.D.C. Feb. 16, 2023); *Jean-Baptiste v. U.S. Dep't of Just. et al.*, No. 23-cv-1345, 2024 WL 3673676 (D.D.C. Aug. 6, 2024); *Jean-Baptiste v. U.S. Dep't of Just. et al.*, No. 23-cv-22531, 2023 WL 9013864 (S.D. Fla. Nov. 30, 2023); *Jean-Baptiste v. U.S. Dep't of Just. et al.*, No. 23-cv-22761, 2023 WL 9285126 (S.D. Fla. July 24, 2023), *report and recommendation adopted,* 2024 WL 172753 (S.D. Fla. Jan. 3, 2024); *Jean-Baptiste v. U.S. Dep't of Just. et al.*, No. 23-cv-2298, 2023 WL 8600569 (D.D.C. Dec. 12, 2023); *U.S. Dep't of Just. et al.*, No. 23-cv-2669, 2024 WL 519600 (D.D.C. Feb. 9, 2024).

Three of these cases led to their respective jurisdictions to impose filing injunctions on Plaintiff. *Jean-Baptiste*, 2023 WL 8600569 (issuing an order enjoining Plaintiff "from filing any pro se complaint in the United States District Court for the District of Columbia without first obtaining leave to file upon a showing that the complaint raises new, non-frivolous matters that have not

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

When faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the Rule 12(b)(1) motion because "jurisdiction must be established as a threshold matter." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

To dismiss a complaint under Federal Rule of Civil Procedure Rule 12(b)(1), "[a] district court has to first determine . . . whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Penn. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358. But "[a] factual attack is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In a factual attack, "the District Court may look beyond the pleadings to ascertain the facts." *Id.* "In sum, a facial attack 'contests the sufficiency of the pleadings,'" *id.* (quoting *In re Schering Plough Corp.*, 678 F.3d at 243), "'whereas a factual attack concerns the actual failure

---

been previously adjudicated"); *Jean-Baptiste*, 2023 WL 9013864 (deeming Plaintiff a "vexatious litigant" and enjoining him from filing any new action in that court alleging a government conspiracy "to monitor, surveil, or harm Plaintiff, physically or otherwise," without prior permission); *Jean-Baptiste v. United States Dep't of Just.*, No. 23-cv-6297, 2023 WL 6587958, at *2 (E.D.N.Y. Oct. 10, 2023) (enjoining Plaintiff from filing any further actions in that court, regardless of whether he pays the fees or seeks leave to proceed IFP, without first obtaining leave of court).

5

of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III.    ANALYSIS

Defendants assert multiple grounds for dismissal. They move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing both that Plaintiff's allegations are implausible, a factual attack, Def. Mot. at 11-12, and that sovereign immunity bars all claims in the Complaint, a facial attack, *id.* at 13-16. Additionally, Defendants argue that the Complaint may alternatively be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Def. Mot. at 11. Because "[s]ubject matter jurisdiction is a threshold requirement for asserting a claim in federal court," the Court addresses Defendants' jurisdictional arguments first. *Silverberg v. City of Philadelphia*, No. 19-2691, 2020 WL 108619, at *12-13 (E.D. Pa. Jan. 8, 2020).

#### A.    The Court Lacks Subject Matter Jurisdiction

As detailed in *supra* Section I.C, Plaintiff's allegations of a federal government conspiracy directed against him have been dismissed by other courts for "patent insubstantiality." *Jean-Baptiste*, 2024 WL 3673676, at *1 (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009)) (noting that patently insubstantial complaints must be dismissed … for lack of subject-matter jurisdiction); *see also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (explaining that Courts

cannot exercise subject-matter jurisdiction over complaints that are "so attenuated and unsubstantial as to be absolutely devoid of merit") (cleaned up).

Plaintiff's Complaint here is also patently insubstantial. He alleges a mass conspiracy amongst various agencies of the federal government and his family members based on little more than body language, family dynamics, and his alleged history with the FBI. Compl. at 5-6. Plaintiff provides nearly no relevant information to substantiate his claims. In Opposition, Plaintiff doubles down on his allegations, arguing in conclusory fashion that "the complaint clearly shows substance of fact and witnesses to prove this matter, most Important Jean Amazan who the FBI contacted is hiding from my family as result of the FBI Inspector General investigation." Opp'n at 1. With respect to Defendants' argument that the Complaint should be dismissed as frivolous, Plaintiff argues that "if Defendants can make a one side conclusion as frivolous, why can't the US. District Court accept the Plaintiff conclusion as fact." *Id.* In Reply, Defendants contend that Plaintiff's Opposition "fails to address the threshold deficiencies raised in the Federal Defendants' motion to dismiss, which subject the complaint to dismissal." Reply at 1. The Court agrees.

The Court recognizes that "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only" when the right claimed is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987) (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666 (1974)). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Examples of frivolous claims include those "whose factual contentions are clearly baseless" that "describ[e] fantastic or delusional scenarios." *Id.* at 327-28. Plaintiff's Complaint fits the bill because there is "no factual predicate

7

or legal theory on which Plaintiff can rely to state a viable civil claim arising from these allegations and assertions." *Jean-Baptiste v. United States Dep't of Just.,* No. 24-1152, 2024 WL 1484200, at *3 (S.D.N.Y. Apr. 5, 2024), *aff'd*, No. 23-7415, 2024 WL 5220573 (2d Cir. Dec. 26, 2024). Thus, the Court lacks subject matter jurisdiction and will **GRANT** Defendants' Motion.[4]

### B.  Leave to Amend Is Denied

Dismissal of a claim *with prejudice* is appropriate when the claim is based on "bath faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993); *see also* 3 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 15.15 (3d ed. 2021) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

The Court believes that amendment would be futile here because the Court cannot find any factual or legal basis for Plaintiff's claims to proceed. *See El v. New Jersey,* No. 15-8136, 2022 WL 2314866, at *4 (D.N.J. Jun. 28, 2022). Other courts have come to the same conclusion from Plaintiff's nearly identical allegations in other cases. *See, e.g.*, *Jean-Baptiste v. United States Dep't of Just.*, No. 24-1152, 2024 WL 1484200, at *4 (S.D.N.Y. Apr. 5, 2024), *aff'd*, No. 23-7415, 2024 WL 5220573 (2d Cir. Dec. 26, 2024) (dismissing the complaint *with prejudice* after finding that—

---

[4] Although the Court concludes it lacks jurisdiction because Plaintiff's claims are frivolous, the Court notes that Plaintiff fails to oppose Defendants' argument that dismissal is warranted for lack of subject-matter jurisdiction on sovereign immunity grounds. *See* Opp'n. As Defendants note, Plaintiff's failure to oppose an argument made in their Motion, when Plaintiff had an opportunity to do so, results in a waiver of that argument. *See Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008).

in light of Plaintiff's litigation history—"Plaintiff was or should have been aware that the complaint lacked merit when he filed it.").

IV.   **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** the Motion to dismiss and **DISMISS** the Complaint *with prejudice*.[5]   An appropriate Order accompanies this Opinion.

Dated:   May 9, 2025

_____
Evelyn Padin, U.S.D.J.

---

[5] Still gaveled on the docket are Plaintiff's Motion for Preliminary Injunction and his "Motion to Vacate FBI Order to Impeded Hard to the Plaintiff," D.E. 41.  Since the Court will dismiss the Complaint *with prejudice* for lack of subject matter jurisdiction, the Court will **DENY** these motions as **MOOT**.

9